IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHARLES TORNS, JR.                                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO.4:06CV91-MPM-JAD

MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al                              DEFENDANTS

REPORT AND RECOMMENDATION

On January 17, 2007, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. At the hearing Torns was questioned about strikes received in past litigation. From a review of the court's docket it appears that Torns has three prior strikes and is not entitled to proceed in this case *in forma pauperis* .

In the case of *Milton Leon Simpson et. al. v. Fordice*, et al, Civil Action No. 4:95CV398, on April 10, 1996, Torns' complaint was dismissed with prejudice as frivolous by Judge Neal Biggers. On July 13, 1998, the Fifth Circuit Court of Appeals dismissed the appeal of this case as frivolous. In *Torns v. MDOC*, 4:03CV410, on July 19, 2004, Judge W. Allen Pepper dismissed the complaint with prejudice for failure to state a claim, and counting the action as a strike. Torn's omitted to mention much of his past litigation history with the court.

The Prison Litigation Reform Act provides, *inter alia*, at 28 U.S.C. § 1915(g)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

There are no allegations in this action of imminent danger of serious physical injury. The undersigned recommends that this action be dismissed without prejudice and that the court enter its order barring Torns under the three strikes provisions of the Prison Litigation Reform Act.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 17th day of January, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE